1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                          DISTRICT OF NEVADA
8
9   JOSEPH SORCE,
10        Plaintiff,                          Case No. 2:12-CV-00768-KJD-(GWF)
11   vs.                                      **ORDER**
12   CLARK COUNTY DETENTION
    CENTER, et al.,
13
        Defendants.
14

15        Plaintiff, who currently is a prisoner in custody at the San Diego Central Jail, has submitted
16   a new application to proceed in forma pauperis (#13) and a civil rights complaint pursuant to 42
17   U.S.C. § 1983. The court finds that plaintiff is unable to pay an initial partial filing fee. 28 U.S.C.
18   § 1915(b)(4). Plaintiff must still pay the filing fee in full through monthly installment payments. 28
19   U.S.C. § 1915(b)(2).
20        The court has reviewed the complaint, and it requires amendment. When a "prisoner seeks
21   redress from a governmental entity or officer or employee of a governmental entity," the court must
22   "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the
23   complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
24   (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.
25   § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a
26   complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se
27   complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v.
28   Kerner, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

At all relevant times, plaintiff was a prisoner in custody at the Clark County Detention Center. Plaintiff's three counts all refer to the medical care that he received at the Clark County Detention Center. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under section 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Gamble, 429 U.S. 104), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Deliberate indifference is subjective. The prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 838 (1994). "To show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health." Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (internal quotations omitted). However, a difference of opinion over the appropriate course of treatment does not amount to deliberate indifference. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

In count I, plaintiff alleges that defendants knew that plaintiff suffered from a heart condition and from seizures, but nonetheless placed him in general population in the jail.  Plaintiff passed out, and he went to the hospital.  When plaintiff returned, he again was placed in general population. Plaintiff has not alleged any facts that could indicate why placement in general population caused him to pass out.  Based upon the facts alleged, it is more plausible that plaintiff would pass out regardless of where he was housed in the jail.  Indeed, in count II plaintiff alleges that he suffered a seizure even though he was in the jail's medical unit at the time.  Plaintiff also has not alleged any facts that could indicate that defendants knew that placement in general population would cause him to pass out.  Plaintiff will need to allege these facts in an amended complaint.

Next in count I, plaintiff alleges that he had chest pains and told a nurse about the problem. The nurse measured his blood pressure and determined that it was within the normal range.  Plaintiff alleges that the nurse should have given him nitroglycerine because that is what he would have done at home.  In an amended complaint, plaintiff needs to allege why nitroglycerine was important, and why refusal of nitroglycerine was deliberate indifference, even though his blood pressure was in the normal range.  At the moment, all plaintiff has alleged is a difference in medical opinions, which is not deliberate indifference.  Toguchi, 391 F.3d at 1058.

In count II, plaintiff alleges that he suffered a seizure while he was housed in the jail's medical unit.  He further alleges that two correctional officers, one named Hunter and the other unknown, waited 25 minutes before they called a nurse.  However, plaintiff does not allege when the correctional officers themselves learned that plaintiff was suffering a seizure.  If the officers saw plaintiff's seizure start but then waited 25 minutes, then they might have been deliberately indifferent.  On the other hand, if the officers did not know of the seizure for 25 minutes and then summoned a nurse immediately upon noticing the seizure, then they were not deliberately indifferent.  In an amended complaint, plaintiff will need to allege more specific facts, because the current allegations are too vague to state a claim upon which relief can be granted.

In count III, plaintiff alleges that Dr. Magona would not do anything for plaintiff's medical problems.  However, two sentences later plaintiff alleges that Dr. Magona prescribed phenobarbital even though plaintiff does not take that medication at home.  First, plaintiff's allegations show that

1  Dr. Magona actually is treating plaintiff, just not in the manner that plaintiff prefers.  Second,
2  plaintiff does not explain what phenobarbital does, and why prescribing it was deliberately
3  indifferent.  All plaintiff currently has alleged is a difference in medical opinion, which is not
4  deliberate indifference.  Toguchi, 391 F.3d at 1058.  Plaintiff will need to allege these facts in an
5  amended complaint.
6       Also in count III, plaintiff alleges that two nurses ignored his medical problems.  Plaintiff
7  has not alleged what these nurses knew nor how they failed to act.  The current allegations are too
8  vague to state a claim upon which relief can be granted.
9       Plaintiff seeks monetary damages, and he has sued all defendants in their official and
10 individual capacities.  While individual-capacity actions seek to impose personal liability upon a
11 government official for actions performed under color of state law, official-capacity actions
12 generally represent another way of suing "an entity of which an officer is an agent."  Kentucky v.
13 Graham, 473 U.S. 159, 165 (1984) (quoting Monell v. Department of Social Services of City of
14 New York, 436 U.S. 658, 690 n.55 (1978)).  This entity appears to be the Las Vegas Metropolitan
15 Police Department, which operates the Clark County Detention Center.  To succeed with an official-
16 capacity claim against defendants, plaintiff must prove that any constitutional violations that he
17 suffered occurred as a result of an official policy or custom, Monell, 436 U.S. at 690, or through a
18 failure to train municipal employees adequately, City of Canton v. Harris, 489 U.S. 378, 388-91
19 (1989).  Plaintiff's allegations do not show any official policy or custom of, or a failure to train by,
20 the Las Vegas Metropolitan Police Department.  In the amended complaint, plaintiff will need to
21 allege such facts, or he will need to sue the defendants only in their individual capacities.
22      Plaintiff has mentioned medical malpractice in his complaint.  To the extent that he is
23 actually raising a malpractice claim, state law governs the claim.  For a malpractice to proceed,
24 plaintiff will need to attach to the amended complaint "an affidavit, supporting the allegations
25 contained in the action, submitted by a medical expert who practices or has practiced in an area that
26 is substantially similar to the type of practice engaged in at the time of the alleged malpractice."
27 Nev. Rev. Stat. § 41A.071.
28

1  IT IS THEREFORE ORDERED that plaintiff's application to proceed in forma pauperis
2  (#13) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However,
3  even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C.
4  § 1915(b)(2).
5  IT IS FURTHER ORDERED that plaintiff is permitted to maintain this action to conclusion
6  without the necessity of prepayment of any additional fees or costs or the giving of security therefor.
7  This order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas
8  at government expense.
9  IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the San Diego
10 Central Jail shall pay to the clerk of the United States District Court, District of Nevada, 20% of the
11 preceding month's deposits to the prisoner's account (booking #12554794), in months that the
12 account exceeds $10.00, until the full three hundred fifty dollar ($350.00) filing fee has been paid
13 for this action. The clerk shall send a copy of this order to the inmate accounting supervisor at the
14 San Diego Central Jail, 1173 Front St., San Diego, CA 92101.
15 IT IS FURTHER ORDERED that the clerk of the court shall file the complaint.
16 IT IS FURTHER ORDERED that the complaint is **DISMISSED** for failure to state a claim
17 upon which relief can be granted, with leave to amend. The clerk shall send to plaintiff a civil rights
18 complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is
19 entered to submit his amended complaint, if he believes that he can correct the noted deficiencies.
20 Failure to comply with this order will result in the dismissal of this action.
21 IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such
22 by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42
23 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:12-CV-00768-
24 KJD-(GWF), above the word "AMENDED."
25 DATED: October 22, 2012

_____
KENT J. DAWSON
United States District Judge

-5-