# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH SORCE,

    Plaintiff,

vs.

CLARK COUNTY DETENTION CENTER, et al.,

    Defendants.

Case No. 2:12-cv-00768-KJD-GWF

**ORDER**

    Plaintiff has submitted an amended complaint (#17). The court has reviewed it, and plaintiff will need to submit a second amended complaint.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff alleges in all three counts that defendants were deliberately indifferent to his risk of seizures and his heart problem. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under section 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Gamble, 429 U.S. 104), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 974 F.2d at 1059-60.

Deliberate indifference is subjective. The prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 838 (1994). "To show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health." Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (internal quotations omitted). However, a difference of opinion over the appropriate course of treatment does not amount to deliberate indifference. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

At the time relevant to the complaint, plaintiff was in custody at the Clark County Detention Center. In count 1, plaintiff alleges that on February 21, 2012, he passed out. He had no feeling on his left side, he had trouble talking, and he could not walk. He was taken to the hospital and treated. Plaintiff alleges that upon discharge he still had no feeling on his left side and could not walk. The doctor instructed that plaintiff be placed in a wheelchair. Instead, an unidentified nurse placed plaintiff into general population. Plaintiff claims that the nurse did this because she did not like plaintiff, and his medical conditions were such that he needed medical supervision. Plaintiff might state a claim that this unidentified nurse was deliberately indifferent to the risk of plaintiff suffering another seizure. However, plaintiff has not alleged that he suffered any actual harm after his discharge from the hospital and his placement in general population.[1] Plaintiff does allege in count 3 that he suffered another seizure on April 2, 2012, but he also alleges that at that time he was in the jail's medical unit. Plaintiff will need to allege what harm he suffered while in the general population. Furthermore, plaintiff will need to allege the identity of the nurse who placed him into general population.

In count 2, plaintiff alleges that when he was first booked into the jail, he told the nurse that he was having chest pain, and that a doctor gave him nitroglycerin for his heart. Plaintiff also alleges that he has taken nitroglycerin at home, even though his blood pressure is normal, because he has suffered four heart attacks and has undergone two angiograms and two angioplasties. Plaintiff alleges that on March 19, 2012, defendant Hunter told plaintiff that he did not need nitroglycerin and that if plaintiff did not return to his bunk then he would be placed into segregated confinement. Plaintiff also alleges that a defendant nurse named Jackie sent him back to general population without a doctor's permission and without further medical examination. Plaintiff has not alleged that he suffered any actual harm from the denial of nitroglycerin and the return to the general population unit. Plaintiff will need to correct this defect in his second amended complaint.

---

[1]There is no risk of future harm at the Clark County Detention, because now plaintiff is in custody in San Diego.

In count 3, plaintiff alleges that on April 2, 2012, while in the medical unit, two inmates told defendant Tatum that plaintiff was having a seizure. Defendant Tatum waited 25 minutes before calling the nurse because he was playing on the computer and talking on the telephone. In this count, plaintiff has alleged that he suffered harm, a seizure, and that defendant Tatum knew about the seizure yet did nothing. Plaintiff has stated a claim for deliberate indifference against defendant Tatum. In the second amended complaint, plaintiff will need to re-allege this count, or it will be waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff again is suing all defendants in their individual capacities and their official capacities. The court instructed plaintiff in its earlier order (#15) that he needed to allege facts that would show that he suffered injuries as a result of official policy or custom if he wanted to proceed with the official-capacity claims. Plaintiff has again failed to allege those facts. The court will give plaintiff another opportunity to allege facts that can support official-capacity claims.

Plaintiff has named the Clark County Detention Center as a defendant. The Clark County Detention Center is an inanimate jail, and it has no capacity to sue or to be sued. Plaintiff will need to omit the Clark County Detention Center as a defendant in his second amended complaint.

IT IS THEREFORE ORDERED that the clerk shall send to plaintiff a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies. Failure to comply with this order will result in the dismissal of count 1, count 2, and the Clark County Detention Center from this action.

IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the phrase "SECOND AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:12-cv-00768-KJD-GWF, above the phrase "SECOND AMENDED."

DATED: April 8. 2013.

KENT J. DAWSON
United States District Judge